UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jaquone L. Phillips,                                        Case No.  3:18-cv-860

        Petitioner,

    v.                                                  MEMORANDUM OPINION
                                                              AND ORDER

Ronald Erdos, Warden,

        Respondent.

## I.  INTRODUCTION

Petitioner Jaquone L. Phillips filed a *pro se* petition for a writ of habeas corpus under 28

U.S.C. § 2254, concerning his conviction on charges of murder and possessing weapons while under

a disability in the Allen County, Ohio Court of Common Pleas.  (Doc. No. 1).  Magistrate Judge

Kathleen B. Burke reviewed the petition as well as the related briefing pursuant to Local Rule

72.2(b)(2) and recommends I dismiss the petition.  (Doc. No. 14).  Phillips filed objections to Judge

Burke's Report and Recommendation.  (Doc. No. 17).  Respondent filed a response to Phillips'

objections.  (Doc. No. 18).  For the reasons stated below, I overrule Phillips' objections and adopt

Judge Burke's Report and Recommendation.

## II.  BACKGROUND

On March 11, 2015, a jury found Phillips guilty of one count of murder with a firearm

specification and one count of having a weapon while under a disability.  The trial court

subsequently sentenced Phillips to an aggregate sentence of 20.5 years to life in prison.  (Doc. No. 9-

1 at 36-37).

Phillips does not object to Judge Burke's description of the factual and procedural background of his state court proceedings.  Therefore, I adopt those sections of the Report and Recommendation in full.  (Doc. No. 14 at 2-9).

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636.  Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).  "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

Phillips presents the following grounds for relief:

**Ground One**: Petitioner was denied "his constitutional right to effective assistance of counsel and right to confrontation."

    **Supporting Facts**: "Phillips was denied his right established by the confrontation clause when the trial court plainly permitted Detective Baker to testify about the video tape based upon knowledge obtained from those [who] did not testify at trial.  Trial counsel failed to object."

**Ground Two**: Petitioner was denied "his constitutional right to effective assistance of counsel and right to fair trial and trial by jury."

    **Supporting Facts**: Petitioner's "trial counsel in this matter failed to properly and timely investigate multiple instances of [juror] bias and impropriety and asserted weak objections.  The issues were not timely filed to the Ohio Supreme Court for review."

(Doc. No. 1 at 6, 8).

### A.  EQUITABLE TOLLING

The AEDPA requires a state habeas petitioner to file suit within one year of the date on which the petitioner's state court judgment became final.  28 U.S.C. § 2244(d)(1).  Judge Burke concluded Phillips' limitations period began on July 8, 2016, and expired on July 10, 2017.  (Doc. No. 14 at 12).  Phillips was on notice his petition was due in early July 2017, if not earlier.  In a letter dated May 10, 2017, an attorney Phillips sought to retain noted Phillips' belief that his petition was due in May or June 2017.  (Doc. No. 17-2 at 1).  The attorney calculated the deadline as July 6, 2017.  (*Id.*).  Phillips did not file his petition until April 9, 2018, nearly 9 months after the filing deadline.

Phillips argues his filing deadline should be equitably tolled, and his petition deemed timely, because he faced extraordinary circumstances which prevented him from meeting the statutory deadline.  (Doc. No. 17).

In order to demonstrate he is entitled to equitable tolling, Phillips must prove he was "pursuing his rights diligently," and "some extraordinary circumstance stood in his way and

prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  The AEDPA's one-year limitation period may be equitably tolled when the "litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall*, 662 F.3d at 749 (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

Phillips asserts he is entitled to equitable tolling because his family encountered financial difficulties which prohibited them from making payments to the attorney Phillips sought to hire to draft his habeas petition and because he was placed in restrictive housing shortly before the filing deadline without access to the law library, where he remained for approximately four months before being transferred to another prison where he was held in another restrictive housing unit for another three months, also without access to the law library.  (Doc. No. 17 at 6-8).

Phillips fails to show he was prevented from filing on time by circumstances outside of his control.  He knew several weeks before the filing deadline that his attorney would not do any further work on his case unless Phillips paid down the balance on his outstanding bill.  (Doc. No. 17-3).  He knew, by letter dated July 24, 2017, that he should file his petition "as soon as possible" and include "every argument raised on appeal."  (Doc. No. 17-6 at 1).  Phillips chose not to file his habeas petition at that time, or after receiving further urging to do so.  (Doc. No. 17-11 at 6).

Phillips' blanket assertions that he lacked access to the law library are belied by his own contemporaneous statements.[1]  (*See* Doc. No. 17-11 at 6 (noting Phillips informed his former

---

[1]  While Phillips complains he was prohibited from accessing the law library or prison legal clerks by staff at the two prisons in which he was housed during the relevant period, the Constitution protects his right of access to the courts, not to a prison law library.  *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).  Phillips does not contend staff prohibited him from receiving his mail, which included instructions from an attorney on how and when to file his habeas petition, or from mailing his petition to be filed by the Clerk of Court.

attorney he was able to go to the prison's law library)).  Further, Phillips was placed in restrictive housing due to his conduct inside the institution.  (Doc. No. 17-11 at 1).

While a transfer to another prison may constitute an extraordinary circumstance in some cases, *Solomon v. United States*, 467 F.3d 928 (6th Cir. 2006), Phillips fails to demonstrate his transfer rises to that standard.  Instead, like his placement in restrictive housing in July 2017, Phillips was transferred to a different prison after his security level was increased due to his conduct.  (Doc. No. 1-1 at 2).

Nor did Phillips begin working to complete his habeas petition after he was transferred.  Instead, he spent several months seeking to obtain documentation that he had been in restrictive housing prior to his transfer and to support his affidavit of indigency.  (Doc. No. 1-1 through Doc. No. 1-5).

Phillips' conduct between February 2017 and April 2018 demonstrates a lack of diligence, not exceptional circumstances.  *Hall*, 662 F.3d at 752.  I overrule his objections and conclude he is not entitled to equitable tolling.

### B.    PROCEDURAL DEFAULT

Judge Burke recommended, even if I were to assume Phillips could establish he was entitled to equitable tolling, that I conclude his claims are barred by the procedural-default doctrine.  (Doc. No. 14 at 14-18).

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice

would occur if the claim is not reviewed.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).

Phillips does not object to Judge Burke's recommendation.  (Doc. No. 17).  The failure to file written objections to the Magistrate Judge's Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered in the report.  *Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also Walters,* 638 F.2d at 950 (6th Cir. 1981); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("only those specific objections to the magistrate's report made to the district court will be preserved for appellate review").

Phillips presented both grounds for relief as his assignments of error in his direct appeal of the jury's guilty verdict.  *Ohio v. Phillips*, 2016-Ohio-3105, 2016 WL 2957049 (Ohio Ct. App. May 23, 2016).  He did not file a timely appeal of the appellate court's decision.  Instead, Phillips subsequently filed a motion for delayed appeal, which the Supreme Court of Ohio denied.  (Doc. No. 9-1 at 142-50).  Therefore, even if I were to assume Phillips could show he was entitled to equitable tolling of the limitations period, he failed to pursue his claims through the state courts' ordinary appellate procedure and his claims are barred by the procedural default rule.  *Williams*, 460 F.3d at 806.

## V.    CONCLUSION

For the reasons stated above, I overrule Phillips' objections, (Doc. No. 17), to Judge Burke's Report and Recommendation, (Doc. No. 14), and adopt the Report and Recommendation in full.  I conclude Phillips' petition was untimely and he is not entitled to equitable tolling.  Even if I assumed he could satisfy the showing required for application of the equitable tolling doctrine, his claims are procedurally defaulted.

I also conclude Phillips fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and I will not issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge